

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

GEORGE B. GRAY, III &
SARA B. GRAY,

                 **Plaintiffs,**

v.                                                **Civil Action No. 4:15cv12**

HSBC BANK USA, N.A. et al.,

                 **Defendants.**

## MEMORANDUM ORDER

This matter is before the Court on Plaintiffs George and Sarah Gray's ("Plaintiffs") Motion to Compel Rule 30(B)(6) Deposition of HSBC Bank USA, N.A. ("Motion"). Doc. 45. A telephonic hearing was held on October 9, 2015 at 11:00 a.m., and ruling from the bench, the Court **GRANTED** Plaintiffs' Motion **IN-PART** and **DENIED** the Motion **IN-PART**.

### I. FACTUAL ALLEGATIONS

On September 8, 2015, counsel for Plaintiffs sent an email to counsel for Defendant HSBC Bank USA, N.A. ("HSBC") requesting witness availability for a Rule 30(b)(6) deposition of HSBC the week of October 19, 2015. Doc. 46 at 1. A second email was sent on September 9, 2015, with a draft Rule 30(b)(6) notice attached, requesting availability for a deposition the week of October 12 instead of October 19. Id. Plaintiffs claim they did not receive a response to either email. On September 12, 2015, Plaintiffs' counsel sent another email to counsel for HSBC requesting a Rule 30(b)(6) witness be produced the week of October 12, 2015, stating, "[i]f I do not hear from you by September 15 at 5:00 p.m., I will send a notice for October 13 in Richmond." Id. at 1–2. Defendant responded on September 14, 2015 that it was following up

with the client regarding deposition dates, but by September 17, Plaintiffs claim they had received no further response. Id. at 2.

On September 17, 2015, Plaintiffs served HSBC with a Notice to Take Deposition Pursuant to Rule 30(b)(6) for October 13, 2015 at 10:00 a.m. in Richmond, Virginia. Id. Again, Plaintiffs claim they received no response from HSBC and emailed counsel for HSBC on September 28, 2015 asking him to confirm that HSBC would make a designee available on October 13. Id. Around that time, a telephone conversation between the parties took place, and HSBC allegedly did not confirm a witness would be made available on October 13 in Richmond. Id. Plaintiffs sent another email to HSBC on October 6 again requesting confirmation, and on October 7, HSBC responded that "October 13 will not work for counsel or HSBC's witness . . . . In addition, note that we will be serving objections to the proposed deposition topics (as they are overbroad and burdensome), and the location." Id. at 2–3. HSBC has not served its objections, and the deadline to do so was October 5, 2015. Id. at 3.

At the hearing, the parties indicated that since the filing of Plaintiffs' Motion, HSBC had agreed to produce a Rule 30(b)(6) representative at the Washington, D.C. office of counsel for HSBC on October 16, 2015. However, a dispute arose as to whether HSBC's designated representative possessed knowledge sufficient to answer all questions as outlined by Plaintiffs in their notice of deposition. HSBC indicated that its current Rule 30(b)(6) designee did not possess knowledge relevant to those aspects of Plaintiffs' claims that occurred subsequent to May of 2013, but that a representative from a third-party identified as PHH would be necessary to respond to certain inquiries beyond the May 2013 timeframe. PHH is an independent, third-party who has not been made a defendant in this case, but HSBC indicated it was in the process of obtaining an acceptable PHH representative for deposition purposes.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 30(b) requires a party seeking to depose a corporate representative to provide reasonable written notice to every party indicating the time, place, and scope of the deposition. Fed. R. Civ. Pro. 30(b)(1), (b)(6). Local Civil Rule 30(H) provides that notice given eleven (11) days in advance of the contemplated deposition shall usually satisfy the reasonable notice requirement. E.D. Va. Loc. Civ. R. 30(H). Local Civil Rule 26(C) permits the noticed party to serve its objections to any requests contained in the notice of deposition fifteen (15) days after service of the notice. E.D. Va. Loc. Civ. R. 26(C).

The Court has broad discretion "to determine the appropriate location for a deposition and may attach conditions, such as payment of expenses, as it finds appropriate." Armsey v. Medshares Management Services, Inc., 184 F.R.D. 569, 571 (W.D. Va. 1998). Further, Courts in this district "have generally recognized a presumption that . . . Rule 30(b)(6) depositions of a foreign defendant corporation's officers or managing agents should be taken at the corporation's principal place of business." In re Outside Tire Litigation, 267 F.R.D. 466, 471 (E.D. Va. 2010). If the noticed party objects or fails to comply with such a discovery request, and the noticing party moves the Court to compel the designation and production of such a witness, the Court may award remedies and sanctions as appropriate, including the imposition of attorneys' fees, if it finds the noticed party's opposition unwarranted. E.D. Va. Loc. Civ. R. 37(G).

## III. ANALYSIS

At the hearing, the Court **FOUND** that the fifteen (15) day deadline for HSBC to object to the scope of Plaintiffs' deposition topics had expired. Accordingly, since no objection was filed within the applicable timeframe, it would not be appropriate for HSBC to base any objections it might have during the deposition on the scope of Plaintiffs' topics. The Court

3

further **FOUND** that Defendant HSBC was responsible for producing an appropriate representative, or representatives if necessary, on all topics as outlined in Plaintiffs' notice of deposition at the Washington, D.C. office of counsel for HSBC on October 16, 2015, and **ORDERS** HSBC to do so.

In so far as HSBC indicated that a representative from PHH would be necessary to cover the scope of all topics as outlined by Plaintiffs, the Court **ORDERS** that HSBC produce and make available a representative from PHH at the Washington, D.C. office of counsel for HSBC on October 16, 2015, or in the alterative, produce said representative at the office of counsel for Plaintiffs in Richmond, Virginia on October 19, 2015.  To the extent that PHH is unable to supply a witness on October 19, 2015 in Richmond, Virginia and can only produce said witness on October 19, 2015 at the Washington, D.C. office of counsel for HSBC, the Court **ORDERS** HSBC to pay the travel expenses, not attorneys' fees, of all counsel required to travel to Washington, D.C. for the October 19, 2015 deposition.  The Court **ORDERS** HSBC to notify all counsel of record within five (5) days of the date of the October 9, 2015 hearing as to whether it will produce the third-party PHH witness on either October 16, 2015 at the agreed location in Washington, D.C. or on October 19, 2015 at the agreed location in Richmond, Virginia, and if neither is possible, on October 19, 2015 at the agreed location in Washington, D.C. with HSBC to cover travel expenses as ordered.

To the extent that the Court has discretion to award attorneys' fees in such matters under Local Civil Rule 37(G), the Court **FOUND** that such fees were not appropriate, as it was difficult for the Court to determine on the existing record where and to what degree fault lies in this matter.  Accordingly, the Court **DENIED** Plaintiffs' Motion in so far as it requested an award of attorneys' fees.

## IV. CONCLUSION

For the reasons set forth herein, the Court **GRANTED** Plaintiffs' Motion **IN-PART** and **DENIED** the Motion **IN-PART**.

The Court **GRANTED** Plaintiffs' Motion **IN PART** and **ORDERS** Defendant HSBC to produce an appropriate Rule 30(b)(6) representative, or representatives if necessary, on all topics as outlined in Plaintiffs' notice of deposition at the Washington, D.C. office of counsel for HSBC on October 16, 2015.

The Court also **ORDERS** that HSBC produce and make available an appropriate representative from PHH as outlined herein.

To the extent the HSBC is unable to produce a representative of PHH on the appropriate date and in the appropriate location as outlined, the Court **ORDERS** HSBC to pay the travel expenses, not attorneys' fees, of all counsel required to travel to Washington, D.C. for an October 19, 2015 deposition of the PHH designee.

The Court **ORDERS** HSBC to notify all counsel of record within five (5) days of the date of the October 9, 2015 hearing as to the details of the production of the PHH representative.

The Court **DENIED** Plaintiffs' Motion **IN PART** as to their request for an award of attorneys' fees.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
_____
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October ___, 2015